IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TRE'S DAVIS,                          )
                                      )
                Movant,               )
                                      )
v.                                    )        Civil Action No. 2:14-12570
                                      )        Criminal Action No. 2:12-00031
UNITED STATES OF AMERICA,             )
                                      )
                Respondent.           )

PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside or Correct Sentence by a Person in Federal Custody.[1] (Document No. 54.) By Standing

Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for

submission of proposed findings of fact and a recommendation for disposition pursuant to 28

U.S.C. § 636(b)(1)(B). (Document No. 55.) By Order entered on January 6, 2016, the above case

was referred to the undersigned United States Magistrate Judge for submission of proposed

findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B).

(Document No. 63.)

FACTUAL BACKGROUND

On April 30, 2012, Movant pled guilty to one count of Distribution of Cocaine Base in

violation of 21 U.S.C. § 841(a)(1) (Count Four) and one count of Being a Prohibited Person in

Possession of a Firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) (Count Six). (Criminal

Action No. 2:12-00031, Document Nos. 26 - 28.) A Presentence Investigation Report was

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a
less stringent standard than if they were prepared by a lawyer, and therefore they are construed
liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

prepared. (Id., Document No. 42.) As to Count Four, the District Court determined that Movant had a Base Offense Level of 14, and an Adjusted Offense Level of 18, the Court having applied a four-level increase pursuant to U.S.S.G. § 2K2.1(b)(6) because defendant used or possessed a firearm in connection with another felony offense. (Id., Document No. 42, p. 8.) As to Count Six, the District Court determined that Movant had a Base Offense Level of 26, and an Adjusted Offense Level of 26. (Id.) The District Court then applied a Multiple Count Adjustment pursuant to U.S.S.G. § 3D1.4, which resulted in a Combined Adjusted Offense Level of 27. (Id.) Finally, the District Court determined that Movant had a Total Offense Level of 24 after having applied a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). (Id., p. 9.) The District Court sentenced Movant on July 12, 2012, to serve a total term of 63-months imprisonment, to be followed by a three-year term of supervised release. (Id., Document Nos. 33 and 34.) The District Court also imposed a $100 special assessment. (Id.)

On July 23, 2012, Movant, by counsel, filed a Notice of Appeal. (Id., Document No. 37.) In Movant's appeal, appellate counsel, Mr. David Schles, filed an Anders Brief stating that there was no meritorious issue for appeal "but questioning the reasonableness of Davis' sentence." United States v. Davis, 505 Fed.Appx. 266 (4th Cir. 2013). Subsequently, Movant was advised of his right to file a *pro se* supplemental brief. Id. Movant, however, failed to file such a brief. Id. On January 22, 2013, the Fourth Circuit Court of Appeals affirmed Movant's conviction and sentence. Id. Specifically, the Fourth Circuit stated that it "thoroughly reviewed the record and conclude[d] that Davis' sentence [was] both procedurally and substantively reasonable." Id. The Fourth Circuit further reviewed the entire record pursuant to Anders and "found no meritorious issues for appeal." Id. Movant did not file a petition for certiorari in the United States Supreme

2

Court.

On March 17, 2014, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 2:14-12570, Document No. 54.) As grounds for *habeas* relief, Movant first argues that his sentence was illegally enhanced. (Id., p. 2.) In support, Movant cites Alleyne and Descamps arguing that his predicate offenses were incorrectly considered by the District Court in determining the sentencing guideline range. (Id.) Second, Movant argues that he was subjected to ineffective assistance of counsel based upon the following: (1) Counsel's failure "to evaluate or request discovery or suppression on the search warrant or possible exculpatory information that could have been discovered;" (2) Counsel's failure to "challenge the drug quantity and quality contained in the police reports;" (3) Counsel's failure "to interview police, subpoena certain witnesses, review evidence or crime scene;" (4) Counsel's failure "to argue and object at sentencing for furtherance of drug trafficking crime;" (5) Counsel's failure "to act in petitioner's best interest;" (6) Counsel's failure to present evidence challenging "the government's theory of a conspiracy by petitioner;" and (7) Counsel mislead Movant "prior to and during trial proceedings with promises of being sentenced under the Fair Sentencing Act in return for his plea agreement." (Id., pp. 3 - 9.) As an Exhibit, Movant attaches a copy of a "Memorandum to the United States Attorneys and Assistant Attorney General for the Criminal Divisions" from the Attorney General Dated August 12, 2013, regarding "Department Policy on Charging Mandatory Minimum Sentences and Recidivist Enhancements in Certain Drug Cases." (Id., pp. 11 - 13.)

By Memorandum Opinion and Order entered on July 10, 2015, the District Court reduced Movant's sentence from 63 months to 51 months based upon a retroactive amendment to the

United States Sentencing Guidelines. (Id., Document Nos. 60 - 62.) Movant was released from custody on October 30, 2015, and is currently serving his term of supervised release.

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim that could have been, but was not, raised on direct appeal may not be

raised for the first time in a Section 2255 motion. <u>Stone v. Powell</u>, 428 U.S. 465, 478 fn. 10, 96 S.Ct. 3037, 3044 fn. 10, 49 L.Ed.2d 1067 (1976). A constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." <u>United States v. Mikalajunas</u>, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." <u>Id.</u> at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. <u>See</u> <u>Satcher v. Pruett</u>, 126 F.3d 561, 572 (4th Cir. 1997)(quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. <u>Mikalajunas</u>, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. <u>Id.</u> at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." <u>Schlup v. Delo</u>, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, a movant may not reassert a claim decided on direct review. In <u>Boeckenhaupt v. United States</u>, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), <u>cert. denied</u>, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will

not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974).

1.    **Ineffective Assistance of Counsel:**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's

tactical decisions unless they appear unreasonable in view of all of the circumstances. <u>Goodson</u> <u>v. United States</u>, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694, 104 S.Ct. at 2068; <u>Hill v. Lockhart</u>, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. <u>Murray v. Carrier</u>, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in <u>Strickland v. Washington</u>, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. <u>Strickland</u>, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; <u>Fitzgerald v. Thompson</u>, 943 F.2d. 463 (4th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

**A.   Counsel's alleged misrepresentation regarding pre-trial investigation.**

In his Motion, Movant argues that trial counsel was ineffective in failing "to evaluate or request discovery or suppression on the search warrant or possible exculpatory information that could have been discovered" and by failing "to interview police, subpoena certain witnesses, and

review evidence and the crime scene." (Civil No. 2:14-12570, Document No. 54.) A review of the transcripts from the Plea Hearing reveals that the District Court thoroughly reviewed the terms of the plea agreement and questioned Movant concerning his satisfaction with counsel. (Criminal No. 2:12-00031, Document No. 45, pp. 10 - 27.) Specifically, the District Court inquired as follows:

> Q.    Are you satisfied with your attorney, Mr. Schles, in this case?
>
> A.    Yes, sir.
>
> Q.    Do you feel he has represented you fully and fairly?
>
> A.    Yes, sir.
>
> Q.    Has he spent a good deal of time with you developing this case?
>
> A.    Yes, sir.

(Id., pp. 26 - 27.) "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221 - 222 (4th Cir. 2005). Movant has failed to show extraordinary circumstances. Furthermore, Movant verified during the Plea Hearing that he was pleading guilty because he was "in fact guilty of that which [was] charged against [him] in counts four and six." (Id., p. 34.) Based on the foregoing, the undersigned finds that Movant's claim that trial counsel was ineffective in failing to conduct an adequate pre-trial investigate is without merit.[2]

---

[2] Additionally, the undersigned notes that a voluntary and intelligent guilty plea constitutes a waiver of all claims relating to non-jurisdictional error that occurred prior to the plea, including claims relating to alleged constitutional deprivations. *United States v. Partlow*, 301 Fed.Appx. 297 (4th Cir. 2008), citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *also see United States v. McCleary*, 112 F.3d 511 (4th Cir. 1997)(unpublished).

**B.      Counsel's alleged failure to challenge the drug quantity.**

Next, Movant alleges that trial counsel was ineffective in failing to "challenge the drug quantity and quality contained in the police reports." (Civil No. 2:14-12570, Document No. 54.) A review of the record reveals that Movant acknowledged that he understood the charges contained in the Indictment and the essential elements of the offenses. (Criminal No. 2:12-00031, Document No. 45, pp. 5 - 8.) Movant further agreed to the Stipulation of Facts attached to the Plea Agreement and acknowledged that he committed the essential elements of the offenses contained in the Indictment. (Id., Document No. 28, pp. 7 - 9 and Document No. 45, pp. 8 - 13.) During the Plea Hearing, the District Court specifically inquired as to the drug amounts as follows:

> Q.   Paragraph 9 has to do with the stipulation of facts that is attached to this agreement. I want to go over that stipulation with you. Do you understand, first of all, that by stipulation of facts between you and the United States means that that is an agreement of facts between you and the United States?
>
> A.   Yes, sir.
>
> Q.   And in referring to that which is set forth there, if you will go through the stipulation of facts, I'm not going to go through this with you quite like it is set forth here, but I'll just go over it with you very quickly to see if this is in keeping with your understanding.
>
> In the stipulation, it is noted that you made four sales of crack cocaine to a confidential informant, one on January 24, 2010, on Watts Drive on the West Side of Charleston where you sold the CI 12.5 grams of crack cocaine. Another is a sale that took place on September 29, 2011, near Shar's Bar on the West Side of Charleston, you entered into a purchase with the confidential informant where you sold him 11.8 grams of crack cocaine in your vehicle.
>
> The next one is on January 6, 2012, where you sold a confidential informant at a residence on the West Side of Charleston 1.2 grams of crack cocaine.

> And lastly, on January 10, 2012, you sold a confidential informant at the same residence on the West Side of Charleston 4.3 grams of crack cocaine.
>
> Do you understand all that?

A.    Yes, sir.

Q.    Is that in keeping with the facts? Is that all true?

A.    Yes, sir.

Q.    Now then, I note that it's also set forth in the next to the last paragraph that the total amount of crack cocaine for which you are responsible for sentencing purposes is a range between 98.87 grams and 111 grams. Apparently that includes some 25 to 26 grams of crack cocaine that I just went over with you, and then in addition to that, in the first paragraph, reference is made to the confidential informant's statement that an estimated three ounces of crack cocaine had been purchased from you over the course of a year, that being the statement made by the confidential informant on January 24, 2011, all of which seems to be covered into this grand total at the end of an amount between 98.87 grams and 111 grams. Is that your understanding as well?

A.    Yes sir.

(Id., Document No. 45, pp. 11 - 13.) The undersigned notes that there is no indication that Movant entered into the plea agreement unknowingly or involuntarily. Thus, trial counsel's failure to object the drug amount did not fall "below an objective standard of reasonableness." Accordingly, the undersigned finds that Movant's claim that trial counsel was ineffective in failing object to the drug amount is without merit.

### C.    Counsel's alleged failure to object to the Government's theory of conspiracy.

Third, Movant argues that trial counsel was ineffective in failing to present evidence challenging "the government's theory of a conspiracy by petitioner." (Civil No. 2:14-12570, Document No. 54.) A movant must make specific allegations establishing reason to believe that,

10

if the facts are fully developed, he is entitled to relief. <u>United States v. Roane</u>, 378 F.3d 382, 403 (4th Cir. 2004). Movant, however, fails to explain how trial counsel was ineffective in failing to challenge "the government's theory of a conspiracy by petitioner." Further, Movant fails to allege how counsel's above failure resulted in prejudice. The undersigned notes that Movant was not charged or convicted of conspiracy. Movant's conclusory allegation is insufficient. Accordingly, Movant fails to meet the <u>Strickland</u> two prong standard.

       **D.**      **Counsel's alleged failure to act in Movant's "best interest."**

Fourth, Movant argues that trial counsel was ineffective in failing "to act in petitioner's best interest." (Civil No. 2:14-12570, Document No. 54.) Again, Movant has failed to make specific allegations establishing reason to believe that, if the facts are fully developed, he is entitled to relief. <u>Roane</u>, 378 F.3d at 403. Movant does not explain how counsel failed to act in Movant's "best interest." Further, Movant fails to allege how counsel's above failure resulted in prejudice. Movant's conclusory allegation that the foregoing resulted in ineffective assistance of counsel is insufficient. Accordingly, Movant has failed to state a claim of ineffective assistance of counsel.

       **E.**      **Counsel's alleged misrepresentation regarding sentencing**.

Finally, Movant argues that trial counsel acted ineffectively regarding sentencing. (Civil No. 2:14-12570, Document No. 54.) Movant first claims that trial counsel mislead him "prior to and during trial proceedings with promises of being sentenced under the Fair Sentencing Act in return for his plea agreement." (<u>Id.</u>) Next, Movant argues that trial counsel acted ineffectively by failing "to argue and object at sentencing for furtherance of a drug trafficking crime." (<u>Id.</u>)

A guilty plea must be "a voluntary and intelligent choice among the alternative courses of

action open to the defendant." <u>North Carolina v. Alford</u>, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970). The United States Supreme Court held in <u>Mabry v. Johnson</u>, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546 - 47, 81 L.Ed.2d 437 (1984), "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." <u>Mabry v. Johnson</u>, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546 - 47, 81 L.Ed.2d 437 (1984), *abrogated on other grounds by* <u>Puckett v. United States</u>, 556 U.S. 129, 129 S.Ct. 1423, 173 L.Ed. 266 (2009). Once a criminal defendant has pled guilty, collateral review is limited to an examination of "whether the underlying plea was both counseled and voluntary." <u>United States v. Broce</u>, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L.Ed.2d 927 (1989); <u>see also</u> <u>Fields v. Attorney General of State of Md.</u>, 956 F.2d 1290, 1294 - 95 (4th Cir. 1992). A guilty plea will be deemed involuntary if it is entered without knowledge of material information withheld by the prosecution. <u>See for example</u> <u>Sanchez v. United States</u>, 50 F.3d 1448, 1453 (9th Cir. 1995)(A defendant challenging the voluntariness of a guilty plea may assert a claim under <u>Brady</u> that the prosecution withheld evidence favorable to the defendant and material to guilt or punishment when defendant requested it.).

In his Motion, Movant appears to allege that his plea was made unknowingly because trial counsel failed to adequately explain Movant's sentencing exposure. (Civil No. 2:14-12570, Document No. 54.) Specifically, Movant claims that trial counsel promised that Movant would be "sentenced under the Fair Sentencing Act in return for his plea agreement." (<u>Id.</u>) The record in this case reflects that Movant's guilty plea was voluntary and made with full knowledge of its consequences. The written plea agreement provided that "Mr. Davis will plead guilty to violations of 18 U.S.C. § 922(g) and 924(a)(2) (prohibited person in possession of a firearm) and

21 U.S.C. § 841(a)(1) (distribution of cocaine base) as contained in Counts Four and Six, respectively, of the said Indictment." (Criminal No. 2:12-00031, Document No. 28, pp. 1 - 2.) The written plea agreement spelled out the maximum sentence to which Movant was subject by virtue of his plea.[3] (Id., p. 2.) The plea agreement further stated at Paragraph 14 that "[t]he matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to the specific sentence." (Id., p. 6.) At Movant's April 30, 2012, Plea Hearing, the District Court informed Movant of the maximum sentence to which he was subject and elicited Movant's statement that he knew that his sentence was in the Court's discretion. (Id., pp. 10 - 11, 23 - 26.) Specifically, Movant acknowledged that he was pleading guilty "with the full knowledge of the consequences of [his] plea, including the possible penalty which the Court may impose in this case which is the maximum penalty that [the Court] told [Movant] about and as also set forth in the plea agreement." (Id., p. 27.) Finally, the District Court further found that Movant's plea was not the result of any promises or threats. (Id., pp. 26 - 27.) Specifically, the District Court inquired as follows:

> Q.     Other than your written plea agreement filed and read here today, have you been made any promises by anyone of leniency or light sentence or probation?
>
> A.     No, sir.
>
> Q.     Have you been threatened by anyone in any way, or has anyone used any means of intimidation, coercion or pressure to induce you to enter a plea of guilty against your will?

---

[3] The Plea Agreement set forth Movant's maximum potential penalty as follows: (1) Imprisonment for a period of 30 years; (2) A find of $1,250,000.00, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater; (3) A term of supervised release of 3 years; (4) A mandatory special assessment of $200.00 pursuant to 18 U.S.C. § 3013; (5) Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Mr. Davis for a period of 5 years; and (6) An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement. (Criminal Action No. 2:12-00031, Document No. 28, p. 2.)

13

A.     No, sir.

* * *

Q.     Now, back to your written plea agreement filed and read here today. Is that the entire agreement between you and the United States?

A.     Yes, sir.

Q.     Are there any side agreement of any kind?

A.     No, sir.

(Id.) Movant further acknowledged that he was satisfied with the representation of trial counsel. (Id.) As stated above, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221 - 222. Movant has failed to show extraordinary circumstances. Accordingly, the undersigned finds Movant's allegation that his plea was entered into unknowingly due to ineffective assistance of counsel, specifically misrepresentations of his attorney respecting his sentence, is without merit.

Next, Movants appears to argue that trial counsel was ineffective by allowing Movant to be improperly sentenced for drug trafficking. (Civil No. 2:14-12570, Document No. 54.) A review of the record, however, reveals that Movant was not sentenced for drug trafficking. The record reflects that during Movant's Plea Hearing, the District Judge thoroughly explained to Movant how a defendant's advisory Sentencing Guideline range was determined. (Criminal Action No. 2:12-00031, Document No. 45, pp. 15 - 16.) Specifically, the District Judge advised Movant as follows:

Q.     I want to go over that with you because it's a very important part of your

14

sentence. I note to you that one of the things the court will be doing in order to determine what sentence to impose in this case is to consider the advisory United States Sentencing Guidelines and the advisory guideline range that will be suggested by those guidelines. In determining what the advisory guideline range is, a number of factors are taken into account, and they include such things as your role in the offense to which you've pled guilty, your criminal history, whether you've accepted responsibility for your misconduct, whether you have obstructed justice, whether or not you are a career criminal, whether you make your livelihood from crime, and quite a number of other factors; and among other factors is that of relevant conduct.

By relevant conduct is meant conduct that can be said to be part of the same scheme or pattern of conduct as charged in the counts to which you've pled guilty, or that can be said to be part of the same course of conduct as that charged in those two counts.

And so, in particular, if you have engaged in other drug trafficking activities as the stipulation of facts indicates, then the quantity of drugs involved in those other drug trafficking activities can be taken into account in determining what your advisory guideline range is, and I simply note to you that as the quantity goes up, so too, do the sentencing guidelines tend to suggest a harsher sentence.

Now, you've already agreed that the range is somewhere between 98 and 111 grams of crack cocaine, but what I'm suggesting to you is if there are still other drug trafficking activities that would fall within the definition of relevant conduct, then that would be added to that.

Do you understand that?

A.      Yes, sir.

(Id.) The record, however, reveals that the Court did not attribute Movant with an additional quantity of drugs based upon drug trafficking. (Id., Document No. 46.) During the Sentencing Hearing, the District Judge stated as follows:

THE COURT:          The Court notes that . . . the presentence report proceeds with respect to the crack cocaine count and relevant conduct in connection with it on the basis of the defendant being accountable for distributing 29.8 grams of cocaine base. The court understands that the parties have agreed, as set forth in the stipulation of facts that the total amount of

15

cocaine base attributed to the defendant ranges between 98.87 grams and 111 grams, either quantity of which would put this defendant in the same base offense level.

The Court observes in any event that, one, the parties have agreed to the range of 98.87 grams and 111 grams, and further that not only by the stipulation, but by the statement of the CI set forth in paragraph 5 in the last sentence of the paragraph, there is further support for the same range based on the historical statement of the CI.

The court proposes to calculate the crack cocaine grammage as being in keeping with that which was agreed by the parties in the stipulation of facts as ranging between 98.87 grams and 111 grams, and I ask the parties whether or not you have any objection to the court doing so.

MR. LOEW:          No objection, Your Honor.

* * *

MR. SCHLES:        No, Your Honor. My client has previously agreed that that is the proper range. We do not object.

(Id., pp. 5 - 7.) The undersigned, therefore, finds that Movant was not improperly sentenced for drug trafficking. Accordingly, there is no indication that trial counsel acted ineffectively concerning Movant's sentencing.

## 2.      Alleyne and Descamps are Inapplicable:

Citing Alleyne and Descamps, Movant argues that his predicate offenses were inappropriately considered by the District Court in determining the sentencing guideline range. (Civil No. 2:14-12570, Document No. 54, p. 2.)

In Alleyne, the Supreme Court held that any fact increasing the mandatory minimum penalty for an offense must be alleged in the indictment and proven beyond a reasonable doubt to a jury. Alleyne v. United States, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).[4] The

---

[4]   Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d

16

undersigned, therefore, will consider whether Alleyne is retroactive for purposes of collateral review. Alleyne establishes a new rule of criminal procedure, rather than a substantive change in the law. Harris v. United States, 2013 WL 4882227, * 2 (S.D.W.Va. Sept. 12, 2013). Generally, new rules of criminal procedure do not apply retroactively to cases on collateral review. Teague v. Lane, 489 U.S. 288, 303, 109 S.Ct. 1060, 1071, 103 L.Ed.2d 334 (1989). The Fourth Circuit has determined that Alleyne is not retroactive for purposes of collateral review. United States v. Stewart, 2013 WL 5397401 (4th Cir. Sep. 27, 2013)("Alleyne has not been made retroactively applicable to cases on collateral review."); also see United States v. Redd, 735 F.3d 88, 92 (2nd Cir. 2013); Simpson v. United States, 721 F.3d, 875 (7th Cir. 2013); Manning v. United States, 2013 WL 5890722 (W.D.Va. Oct. 31, 2013); Muhammad v. Purdue, 2013 WL 4508870 (N.D.W.Va. Aug. 23, 2013); United States v. Reyes, 2013 WL 4042508 (E.D.Pa. Aug. 8, 2013); United States v. Eziolisa, 2013 WL 3812087 (S.D.Ohio July 22, 2013). Accordingly, the undersigned finds that Movant is not entitled to habeas relief based upon Alleyne.

In Descamps v. United States, ___U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), the United States Supreme Court held that to determine whether a past conviction is a "violent felony" within the meaning of the ACCA, courts should use the categorical approach if the state statute is "indivisible." Case law, however, indicates that Descamps is not retroactive to cases on collateral review. See United States v. Sanders, 2013 WL 5707808 (N.D.Ohio Oct. 18, 2013); Roscoe v. United States, 2013 WL 5636686 (N.D.Ala. Oct. 16, 2013); Reed v. United States, 2013 WL 5567703 (M.D.Fla. Oct. 9, 2013); Landry v. United States, 2013 WL 5555122 (W.D.Tex. Oct. 4, 2013). Additionally, Movant was not sentenced under the ACCA nor was his sentence enhanced under the Guidelines based upon a past conviction for a "violent felony."

---

435 (2000). The undersigned notes that Apprendi is not retroactive on collateral review.

Therefore, the undersigned finds that Movant is not entitled to *habeas* relief based upon Descamps.

**3.      Carachuri-Rosendo and Simmons are inapplicable:**

Citing Carachuri-Rosendo v. Holder, 560 U.S. 563, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), Movant appears to argue that he is actually innocent of his Section 922(g) conviction. (Civil Action No. 2:14-12570, Document No. 54, p. 8 - 9.) Specifically, Movant argues that under Simmons his prior domestic violence conviction was not a felony and therefore was improperly considered for his Section 922(g) conviction. (Id.)

In 2010, the United States Supreme Court decided Carachuri-Rosendo v. Holder, 560 U.S. 563, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010). In Carachuri-Rosendo, the Supreme Court held that when determining whether a conviction is an 'aggravated felony' for purposes of the Immigration and Nationality Act, the Court must look at the defendant's actual conviction and not the offense for which he could have possibly been convicted based on his conduct. Id. Subsequently, the Fourth Circuit decided United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In Simmons, the Fourth Circuit vacated defendant's sentence in light of Carachuri-Rosendo. United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The Fourth Circuit determined that a prior conviction under North Carolina law is punishable by more than one year of imprisonment only if the defendant's conviction, based on his individual offense characteristics and criminal history, allowed for such a sentence. Id. at 244. Thus, the Fourth Circuit held that in order for a prior felony conviction to qualify as a predicate offense, the individual defendant must have been convicted of an offense for which the defendant could be

18

sentenced to a term exceeding one year. Id. On August 21, 2013, the Fourth Circuit determined that Simmons is retroactive to cases on collateral review that involve claims of actual innocence of an underlying Section 922(g)(1) conviction. Miller v. United States, 735 F.3d 141 (4ᵗʰ Cir. 2013). Specifically, the Fourth Circuit recognized that Simmons "narrowed the scope of § 922(g)(1) by establishing that it does not reach defendants whose prior conviction could not have resulted in a sentence of more than one year in prison." Id. In the instant case, the undersigned notes that Movant was not convicted under Section 922(g)(1). Movant was convicted under 18 U.S.C. § 922(g)(9), which forbids the possession of firearms by anyone convicted of a "misdemeanor crime of domestic violence." Accordingly, Movant is not entitled to relief based upon Carachuri-Rosendo or Simmons.

**4.    Johnson and Welch are Inapplicable:**

In Johnson, the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague. Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 2555-63, 192 L.Ed.2d 569 (2015). The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or violent felonies. The "residual clause" provided that a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" was considered a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii). On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

Although Movan has not asserted a claim based upon Johnson or Welch, the undersigned

19

will briefly address the issue. First, the undersigned finds that Movant was not sentenced as an armed career criminal under the ACCA or as a career offender under U.S.S.G. § 4B1.1. Next, the undersigned notes that Movant was not sentenced under any provision of the United States Code or the United States Sentencing Guidelines containing the potentially vague terms of "crime of violence" or "violent felony." Accordingly, Movant has no potential claim under <u>Johnson</u> or <u>Welch</u>.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 54) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: August 30, 2016.

Omar J. Aboulhosn
United States Magistrate Judge